

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| vs. § | CRIMINAL ACTION NO.: 3:20-644-MGL-2 |
| § | |
| DERRICK LAMONT GIBBS, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR A SENTENCE REDUCTION
AND DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

### I.  INTRODUCTION

Pending before the Court are Defendant Derrick Lamont Gibbs's (Gibbs) pro se motions for a sentence reduction and compassionate release. Having carefully considered the motions, the response, the sentence reduction report (SRR) prepared by the United States Probation Office (USPO), the record, and the applicable law, it is the judgment of the Court Gibbs's motions will be denied.

### II.  FACTUAL AND PROCEDURAL HISTORY

Gibbs pled guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

At sentencing, Gibbs received a total offense level of thirty-one and was assigned zero criminal history points, which resulted in a criminal history category of I. Together, this meant

Gibbs's Guideline sentencing range, subject to the statutory mandatory minimum of ten years, was 120 to 135 months.  The Court thus sentenced Gibbs to 120 months of imprisonment, followed by five years of supervised release.

Gibbs is currently housed at United States Penitentiary Lee.  He has a projected release date of February 5, 2029.

Although Gibbs previously filed a motion for compassionate release, the Court dismissed the motion without prejudice for failure to exhaust.  Gibbs thereafter filed these motions for a sentence reduction and compassionate release.  The USPO prepared an SRR, and the government responded.  Gibbs failed to reply.  Having been fully briefed on the relevant issues, the Court will now adjudicate the motions.

### III. MOTION TO REDUCE SENTENCE

Gibbs argues he is eligible for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.).  The government, however, maintains Amendment 821 is inapplicable to Gibbs.  Indeed, the SSR states Gibbs is ineligible for relief.

On November 1, 2023, Amendment 821 to the U.S.S.G. took effect.  It became retroactive on February 1, 2024.  Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense lacked any specified aggravating factors, including "possess[ing] . . . a firearm or other dangerous weapon . . . in connection with the offense[.]" U.S.S.G. § 4C1.1(a)(7).

Gibbs, however, possessed a firearm, namely an assault rifle, in connection with his offense.  Thus, although Gibbs received no criminal history points at sentencing, he is nevertheless ineligible relief under Amendment 821.  *See id.* § 1B1.10(a)(2)(B) ("A reduction in the defendant's

term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range."). The Court will therefore deny his motion for a sentence reduction.

### IV. MOTION FOR COMPASSIONATE RELEASE

#### A. *Standard of Review*

After a defendant has exhausted his administrative remedies, "[a] district court analyzes [his] compassionate release motion in two steps." *United States v. Woody*, 115 F.4th 304, 310 (4th Cir. 2024).

"First, the [C]ourt must determine [the defendant] is eligible for a sentence reduction because he has shown 'extraordinary and compelling reasons' for release." *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024) (citing *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022)); 18 U.S.C. § 3582(c)(1)(A)(i). In doing so, the Court shall consider whether the extraordinary and compelling reasons are "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A).

The applicable policy statement identifies six circumstances that, individually or in combination, may provide extraordinary and compelling reasons for a sentence reduction: (1) certain medical circumstances of the defendant; (2) the defendant's age and conditions related to his age; (3) the defendant's family circumstances; (4) the fact the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, (5) the presence of "any other circumstance or combination of circumstances . . . similar in gravity

3

to" other enumerated circumstances; and (6) the defendant received an "unusually long sentence[.]" U.S.S.G. § 1B1.13.

"Second, the [C]ourt [must] consider[] whether the 18 U.S.C. § 3553(a) [(Section 3553(a)] sentencing factors support relief." *Moody*, 115 F.4th at 310 (citing *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023)). "District courts 'enjoy broad discretion' in evaluating the [Section] 3553(a) factors when deciding a motion for compassionate release." *Id.* (quoting *United States v. Bethea*, 54 F.4th 826, 834 (4th Cir. 2022)).

### B.    Discussion and Analysis

As an initial matter, Gibbs has failed to exhaust his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (noting a defendant may bring a motion for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). But, the government neglected to raise this issue in its response, so the Court will proceed to consider the merits of Gibbs's motion. *See United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021) (explaining the exhaustion requirement is non-jurisdictional and is thus waived if it is not timely raised).

### 1.    Whether Gibbs has shown extraordinary and compelling reasons warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)

Gibbs posits the Court should grant compassionate release because he should have been sentenced below the statutory minimum. Specifically, Gibbs asserts the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, entitles him to relief under the safety-valve provisions of 18 U.S.C. § 3553(f). *See* 18 U.S.C. § 3553(f) (allowing the Court to impose a sentence below the mandatory minimum in certain cases).

The government, on the other hand, maintains a compassionate release motion is the improper vehicle for making this argument. And, in any event, the government insists Gibbs has failed to demonstrate a change in the law warranting such relief.

The applicable policy statement provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). But, even assuming Gibbs received an unusually long sentence within the scope of this provision, he has neither identified a change in the law nor served ten years of his sentence. Accordingly, the Court finds he has failed to present extraordinary and compelling reasons warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

### 2.   *Whether the Section 3553(a) factors weigh in favor of compassionate release*

Even if the Court determined extraordinary and compelling circumstances exist in this case, analysis of the Section 3553(a) factors would nevertheless preclude any reduction in Gibbs's sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining the Court may grant compassionate release only "after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable"). These factors include:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
(2)   the need for the sentence imposed—
   (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B)   to afford adequate deterrence to criminal conduct;
   (C)   to protect the public from further crimes by the defendant;

5

> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for [the offense] . . . ;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Gibbs pled guilty to a serious offense. Gibbs, along with eleven other codefendants, was indicted in a large-scale drug conspiracy involving the sale and distribution of cocaine, marijuana, fentanyl, and methamphetamine. Gibbs was identified as a supplier for several dealers, and he was known for keeping a "chopper" style assault rifle in his vehicle. Moreover, Gibbs has a history of possessing marijuana and drug paraphernalia and was previously fined for the same.

Although the Court is pleased with Gibbs's completion of several education courses during his incarceration and encourages him to continue these rehabilitative efforts, Gibbs has done no more than the Court hopes of every defendant. *Cf.* 28 U.S.C. § 994(t) (explaining in "promulgating general policy statements regarding" compassionate release, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason").

Additionally, Gibbs's sentence, taking into account the statutory minimum of ten years, is at the bottom of his Guidelines range of 120 to 135 months, and it fails to create any unwarranted disparities among similarly situated defendants. In fact, five of Gibbs's codefendants received a sentence of 125 months or more.

Considering the balance of the Section 3553(a) factors, the Court thus determines a reduced sentence is inappropriate in this case. Gibbs's current sentence is sufficient but no longer than

6

necessary to promote respect for the law, provide adequate deterrence, reflect the seriousness of his offense, and is a just punishment in this case. Accordingly, the Court will deny Gibbs's motion for compassionate release.

## V. CONCLUSION

Therefore, it is the judgment of the Court Gibbs's motion to reduce his sentence and motion for compassionate release, jointly filed as ECF No. 727, are **DENIED**.

**IT IS SO ORDERED.**

Signed this 29th day of May 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE